## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| YUAN MEI CORPORATION, | |
| Plaintiff, | |
| v. | Case 6:24-cv-00461-ADA |
| ALL SEASON POWER LLC, a Texas limited liability company, OPE MARKETPLACE, LLC, a Delaware limited liability company, SNOW JOE, LLC, a New York limited liability company, MECALIUM CO., LTD., a foreign company, WEATHER BRANDS LLC, a Texas limited liability company, and JOSEPH COHEN, an individual, | Patent Case |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## MOTION TO DISMISS DEFENDANTS OPE MARKETPLACE, LLC AND JOSEPH COHEN FOR IMPROPER VENUE AND TO TRANSFER VENUE FOR DEFENDANTS ALL SEASON POWER, LLC AND WEATHER BRANDS, LLC

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

RELEVANT FACTS ............................................................................................................. 2

    A.    The Moving Defendants' Operations and Their Accused Activities Are Not In This District. ................................................................................... 2

    B.    Plaintiff Yuan Mei Has No Ties to this District. ..................................... 3

    C.    Plaintiff First Filed a Currently Pending Lawsuit in New Jersey Against Three of the Moving Defendants Relating to the Same Accused Products. ........... 3

ARGUMENT AND AUTHORITIES ..................................................................................... 4

I.    The Court Must Dismiss the Claims Against OPE and Cohen under Rule 12(b)(3) Because Venue in the Western District of Texas is Improper. ............................................ 4

    A.    The legal standard for patent venue .................................................................. 4

        1.    First venue option: where defendant resides .............................................. 5

        2.    Second venue option: Where defendant committed an act of infringement and has a regular place of business ....................................... 5

    B.    Venue is improper for OPE in this District ........................................................... 6

        1.    OPE does not operate a regular and established place of business in this District ....................................................................................... 6

            a.    Plaintiff's Complaint fails to establish any of the *Cray* factors.... 6

            b.    Plaintiff Improperly Relies on OPE's Online Sale of Products Distributed Through Amazon Warehouses Which Does Not Establish Venue in This District. ................................................. 7

    C.    Venue is improper for Mr. Cohen in this District. ................................................. 8

        1.    Mr. Cohen does not have a regular and established place of business in Texas. ................................................................................... 8

II.    THE DISTRICT OF NEW JERSEY IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE. ................................................................................................ 9

    A.    Legal Standard .................................................................................................... 9

    B.    Plaintiff could have brought this case in the District of New Jersey. ..................... 9

1.  The Private-Interest Factors Heavily Favor Transfer to D.N.J. ................ 10

    a.  Cost of Attendance for Willing Witnesses Favors Transfer ........ 10

    b.  The Relative Ease of Access to Sources of Proof Favors Transfer ................................................................................. 12

    c.  The Only Unwilling Witnesses Are Not in the States of Texas or New Jersey, Rendering the Compulsory-Process Factor Neutral .................................................................................. 13

    d.  The Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive Favor Transfer .............................. 13

2.  The Public-Interest Factors Favor Transfer ............................................... 14

    a.  New Jersey Has a Local Interest in the Dispute .......................... 14

    b.  Administrative Difficulties Flowing from Court Congestion Are Neutral .................................................................................. 15

    c.  Familiarity with Governing Law and Conflicts of Law Are Neutral .................................................................................. 15

CONCLUSION ........................................................................................................ 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Apple Inc.*,
  No. 2022-128, 2002 WL 1196768 (Fed. Cir. Apr. 22, 2022) ...................................................12

*In re BigCommerce, Inc.*,
  890 F.3d 978 (Fed. Cir. 2018)..........................................................................................................5

*Board of Regents v. Medtronic PLC*,
  No. A-17-cv-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) ...............................5, 6

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)...............................................................................................5, 6, 7

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018)..........................7

*Fintiv, Inc. v. Apple Inc.*,
  No. 6:18-cv-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) ..........................13

*Galderma Laboratories, L.P. v. Teva Pharmaceuticals, USA, Inc.*,
  290 F. Supp.3d 599 (N.D. Tex. 2017) ..........................................................................................4

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..................................................................................10, 12, 15

*In re Google LLC.*,
  949 F.3d 1338 (Fed. Cir. 2020)......................................................................................................7

*In re Google LLC*,
  No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ................................................11

*Hargrave v. Fibreboard Corp.*,
  710 F.2d 1154 (5th Cir. 1983) ........................................................................................................6

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)....................................................................................................14

*Interactive Toybox, LLC v. Walt Disney Co.*,
  No. 1:17-CV-1137-RP, 2018 WL 5284625 (W.D. Tex. Oct. 24, 2018)...................................6

*LoganTree LP v. Garmin Int'l, Inc.*,
  No. SA-17-CA-0098-FB, 2017 WL 2842870 (W.D. Tex. June 22, 2017)..........................7, 8

*Nuttall v. Juarez,*
    984 F. Supp. 2d 637 ............................................................................................5

*Parus Holdings Inc. v. LG Elecs. Inc.,*
    No. 6:19-cv-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) ...........................12

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1981).............................................................................................9

*In re Radmax,*
    720 F.3d 285 (Fed. Cir. 2013)............................................................................13

*Stonite Products Co. v. Melvin Lloyd Co.,*
    315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942)...................................................5

*TC Heartland LLC v. Kraft Foods Grp Brands, LLC*
    137 S.Ct. 1514 (2017)...................................................................................4, 5, 6

*In re TS Tech USA Corp.,*
    551 F.3d 1315 (Fed. Cir. 2008)......................................................................9, 15

*In re Volkswagen AG,*
    371 F.3d 201 (5th Cir. 2004) ...............................................................................9

*In re Volkswagen of Am., Inc.,*
    545 F.3d 304 (5th Cir. 2008) .............................................................9, 11, 12, 13

*In re Volkswagon Group of America, Inc.,*
    28 F.4th 1203 (Fed. Cir. 2022) ............................................................................5

*Wet Sounds, Inc. v. PowerBass USA, Inc.,*
    No. CV H-17-3258, 2018 WL 1811354 (S.D. Tex. Apr. 17, 2018) ....................................7, 12

*In re ZTE (USA) Inc.,*
    890 F.3d 1008 (Fed. Cir. 2018)............................................................................5

**Statutes**

28 U.S.C. § 1391 ....................................................................................................5

28 U.S.C. § 1400(b) ........................................................................................ *passim*

28 U.S.C. § 1404(a) ........................................................................................ *passim*

28 U.S.C. § 1406(a) ............................................................................................1,2

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(3) ................................................................ *passim*

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1400(b), Defendants OPE Marketplace LLC ("OPE") and Joseph Cohen ("Cohen") move the Court to dismiss, or alternatively transfer, Plaintiff Yuan Mei Corporation's ("Plaintiff" or "Yuan Mei") Original Complaint ("Complaint") for improper venue. Pursuant to 28 U.S.C. § 1404(a), Defendants All Season Power LLC ("All Season") and Weather Brands LLC ("Weather Brands") move the Court to transfer venue to the District of New Jersey ("D.N.J.").[1]

## INTRODUCTION

The most appropriate venue for resolving this dispute is the federal district court for the District of New Jersey. Plaintiff admits that, as to Defendants OPE and Cohen, neither resides in this District or has a "regular and established place of business" in this District. Dkt 1. at ¶¶ 5, 8. Because of the inherent weakness of Plaintiff's venue argument, Plaintiff obfuscates its position regarding OPE and Cohen by simply referring to the "Defendants" without specifically identifying which Defendant committed which actions. *Id.* at ¶ 18. Because venue is improper in this District, this Court should dismiss OPE and Cohen from this case under Federal Rule 12(b)(3).

As to All Season and Weather Brands (collectively with OPE and Cohen, if the Court does not dismiss OPE and Cohen for improper venue), this Court should transfer Plaintiff's claims to the D.N.J. pursuant to 28 U.S.C. § 1404(a) and § 1406(a) (as to OPE and Cohen). The D.N.J. is the most convenient district for all Moving Defendants and presents no added inconvenience for Taiwanese-based Plaintiff, which first filed a related lawsuit in D.N.J. Plaintiff's claims against the Moving Defendants have multiple ties to the D.N.J., but none to this District. Specifically:

- All witnesses for the Moving Defendants who are knowledgeable about the alleged acts of infringement and the Accused Products are located either within the D.N.J. or within 100 miles of the D.N.J. (Decl. of Joseph Cohen ("Cohen Decl.") ¶¶ 1, 12;

---

[1] Collectively, defendants OPE, All Season, Cohen and Weather Brands will be referred to as "Moving Defendants". Counsel for Moving Defendants do not represent Snow Joe, LLC or Mecalium Co., Ltd., in this Action.

Decl. of Ken Cayre/Weather Brands ("Cayre Decl.") ¶ 7; Decl. of Paul Riley/OPE ("OPE Decl.") ¶¶ 7, 9; Decl. of Paul Riley/All Seasons ("AS Decl.") ¶¶ 7-8).

- Moving Defendants' potentially relevant documents and physical evidence are stored in physical files and/or digital storage systems at their headquarters in either New Jersey or New York. (Cohen Decl. ¶ 12; Cayre Decl. ¶ 16; OPE Decl. ¶ 20; AS Decl. ¶ 20).

- Plaintiff initiated a first-filed related action against multiple Moving Defendants in the D.N.J. (Civil Action No. 2:24-cv-07906-CCC-SDA) (the "NJ Action"), which includes claims and counterclaims relating to the manufacture and sale of the same products alleged to infringe the patents at issue in this case.

- The Moving Defendants lack **any** physical presence in this District, and they have not committed any acts of infringement in this District (despite All Seasons and Weather Brands being formed under the laws of Texas). (Cohen Decl. ¶¶ 5-10; Cayre Decl. ¶¶ 5-7, 9-14; OPE Decl. ¶¶ 7-16; AS Decl. ¶¶ 7-14).

- Plaintiff Yuan Mei, a Taiwanese company, has **no** ties to this District.

Accordingly, pursuant to Federal Rule 12(b)(3) and 28 U.S.C. § 1400(b), the Moving Defendants respectfully ask the Court to dismiss Defendants OPE and Cohen, and transfer this case pursuant to 28 U.S.C. § 1404(a) (or § 1406(a)) to the more convenient venue, the D.N.J.

## RELEVANT FACTS

### A.    The Moving Defendants' Operations and Their Accused Activities Are Not In This District.

The residences and principal places of business of each of the Moving Defendants are:

| Defendant | State of Residence | Principal Place of Business |
|---|---|---|
| Joe Cohen | New York | N/A |
| OPE | Delaware | New Jersey |
| Weather Brands | Texas | New York |
| All Season | Texas | New Jersey |

(Cohen Decl. ¶ 1; Cayre Decl. ¶¶ 6, 8; OPE Decl. ¶¶ 6-7; AS Decl. ¶¶ 6-7)

The Moving Defendants are distinct legal entities. The Moving Defendants have no physical ties to this District. They do not have any physical locations, operations or employees in

this District, or in Texas generally. (Cohen Decl. ¶¶ 5-10; Cayre Decl. ¶¶ 5-7, 9-14; OPE Decl. ¶¶ 7-16; AS Decl. ¶¶ 7-14). The Moving Defendants do not own, operate, rent or lease any offices, warehouse, stores, facilities or other physical places of business in this District or in Texas. (Cohen Decl. ¶ 10; Cayre Decl. ¶¶ 11-13; OPE Decl. ¶¶ 12-14; AS Decl. ¶¶ 11-13). The Moving Defendants do not maintain any physical files, documentation or digital files in Texas, and they do not maintain any bank accounts in Texas. (Cohen Decl. ¶ 7, 12; Cayre Decl. ¶¶ 16, 18; OPE Decl. ¶¶ 16, 20; AS Decl. ¶¶ 15, 20). The Moving Defendants have never operated any business locations or operations in Texas. (Cohen Decl. ¶¶ 5-10; Cayre Decl. ¶¶ 7, 9-10; OPE Decl. ¶¶ 9-10; AS Decl. ¶¶7-10).

### B.    Plaintiff Yuan Mei Has No Ties to this District.

Plaintiff Yuan Mei also has no apparent ties to this District. Plaintiff accuses the Defendants of infringing claims of United States Patent No. 7,422,162 and United States Design Patent No. D802,715 (the "Asserted Patents"), which both relate to oscillating sprinkler systems. Dkt 1, at ¶¶ 21-22. Plaintiff is a Taiwanese company based in Taiwan. Dkt. 1 at ¶ 11. Plaintiff's witnesses are not located either in this District, or elsewhere in Texas. The alleged inventors of the Asserted Patents are residents of Taiwan. Dkt. 1 at Exs. A and B. Neither the Moving Defendants nor Plaintiff have any physical ties to this District.

### C.    Plaintiff First Filed a Currently Pending Lawsuit in New Jersey Against Three of the Moving Defendants Relating to the Same Accused Products.

The D.N.J. is already employing judicial resources to resolve the first filed pending lawsuit that Plaintiff initiated regarding the same products at issue in this case. Plaintiff sued OPE, All Seasons and Cohen in the pending NJ Action alleging non-payment for oscillating sprinklers. Plaintiff filed that lawsuit in state court in New Jersey despite having federal subject matter jurisdiction. The defendants in the NJ Action removed the lawsuit to federal court based upon diversity of citizenship.

Plaintiff manufactured for Snow Joe (and Snow Joe sold) watering sprinklers under the Aqua Joe brand, including the "Aqua Joe SJI-OMS16 Indestructible Metal Base Oscillating Sprinkler with Adjustable Spray." (Cohen Decl. ¶ 16). Snow Joe eventually discovered that Plaintiff was manufacturing products (the "Eden 96213 Lawn & Garden Essential Oscillating Sprinkler") that directly competed with the Snow Joe and Aqua Joe product lines, including the Indestructible Series. (Cohen Decl. ¶ 17). Accordingly, in responding to the Complaint in the NJ Action, Snow Joe asserted counterclaims against Plaintiff for breach of contract and trade secrets misappropriation relating to Plaintiff's theft and sale of lawn sprinklers nearly identical to the Aqua Joe SJI-OMS16 sprinkler.

Plaintiff now accuses the Aqua Joe SJI-OMS16 product of infringing the claims of the Asserted Patents in this lawsuit. The products that Plaintiff alleges infringe claims in its Asserted Patents in this case are the same products underlying certain claims pled in the NJ Action. Rather than resolve its related patent claims in the D.N.J. (where Plaintiff could have brought those claims), Plaintiff filed this case in a district with no ties to the facts underlying the parties' dispute.

## ARGUMENT AND AUTHORITIES

I.    **The Court Must Dismiss the Claims Against OPE and Cohen under Rule 12(b)(3) Because Venue in the Western District of Texas is Improper.**

A.    **The legal standard for patent venue**

Section 1400(b) of Title 28 of the United States Code governs venue in patent infringement cases. *TC Heartland LLC v. Kraft Foods Grp Brands, LLC* 137 S.Ct. 1514, 1518 (2017). This section provides that a plaintiff must bring a claim for infringement either (1) "in the judicial District where the defendant resides"; or (2) "where the defendant has committed acts of infringement **and** has a regular and established place of business." 28 U.S.C. § 1400(b); (emphasis added); *Galderma Laboratories, L.P. v. Teva Pharmaceuticals, USA, Inc.*, 290 F. Supp.3d 599,

606 (N.D. Tex. 2017). Plaintiff bears the burden of establishing that venue is proper in this District. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

It is well established that venue must be proper for **each** defendant. *See In re BigCommerce, Inc.*, 890 F.3d 978, 984 (Fed. Cir. 2018) (citing *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942)). The presence of a corporate relative in a district does not establish venue over another corporate relative. *Board of Regents v. Medtronic PLC*, No. A-17-cv-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018).

### 1. First venue option: where defendant resides

Under the first option of § 1400(b) for venue in a patent infringement case, the plaintiff must file the lawsuit where the defendant "resides." For corporations, the plaintiff must file the lawsuit in the defendant's state of incorporation because that is the only place where the defendant is deemed to reside. *See TC Heartland*, 137 S. Ct. at 1517 (citing 28 U.S.C. § 1400(b)); *In re Volkswagon Group of America, Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022). If the defendant is an individual, the individual is deemed to reside in the judicial district in which that person is domiciled. *See* 28 U.S.C. § 1391; *Nuttall v. Juarez,* 984 F. Supp. 2d 637, 645 (N.D. Tex. 2013 ("individual defendant 'resides' in the district of his residence or legal domicile").

### 2. Second venue option: Where defendant committed an act of infringement and has a regular place of business

Under the second option of § 1400(b), a plaintiff must show that (1) the defendant committed an act of infringement in the venue; **and** (2) maintains a "regular and established place of business" in that venue. A defendant's "regular and established place of business" in a venue must satisfy each of the *Cray* requirements: "(1) there must be a physical place in the District; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

**B.      Venue is improper for OPE in this District.**

Plaintiff correctly alleges that OPE is formed in Delaware, not in this District.  Dkt. 1 at
¶ 5 (OPE was "formed in the State of Delaware"). Because OPE is formed in Delaware, it cannot
"reside" in Texas for purposes of venue under 28 U.S.C. § 1400(b)(1).

OPE is a separate legal entity from each of the other Moving Defendants. Thus, the venue
analysis cannot extend from All Season or Weather Brands (formed in Texas) to OPE. *See Board
of Regents*, 2018 WL 4179080, at *2 ("the presence of a corporate relative in the district does not
establish venue over another separate and distinct corporate relative"); *Interactive Toybox, LLC v.
Walt Disney Co*., No. 1:17-CV-1137-RP, 2018 WL 5284625, at *3 (W.D. Tex. Oct. 24, 2018)
(100% stock ownership and commonality of officers and directors not alone sufficient to establish
alter ego relationship between two corporations) (*quoting Hargrave v. Fibreboard Corp*., 710 F.2d
1154, 1160 (5th Cir. 1983). Therefore, the first option for patent venue is not available as to OPE.

The only available venue option as to OPE is the second option. Plaintiff must demonstrate
that OPE both maintains a "regular and established place of business" **and** committed "an act of
infringement" in this District. Plaintiff cannot establish venue under § 1400(b)(2) either.

**1.      OPE does not operate a regular and established place of business in this
District.**

Plaintiff must demonstrate that OPE has a regular and established place of business within
this District and has committed acts of alleged patent infringement in this District. *TC Heartland
LLC*, 137 S.Ct. at 1514. The Court must find improper venue if the plaintiff has failed to prove
**any** of the *Cray* factors regarding a "regular and established place of business. *In re Cray, Inc.*,
871 F.3d at 1363. Plaintiff failed to meet any of the factors as to OPE.

a.      Plaintiff's Complaint fails to establish any of the *Cray* factors.

Plaintiff failed to establish **all** of the above statutory requirements here. Plaintiff's venue
allegations not only generalize the "Defendants'" activities without specificity as to each

individual defendant, but also misunderstand the patent venue requirements. *See* Dkt. 1 at ¶ 18.

Plaintiff does not allege that OPE maintains a regular and established, physical place in the district that is that defendant's place of business. *See* Dkt. 1 at ¶ 18. A "place" refers to a "'building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *In re Cray Inc.*, 871 F.3d at 1362 (citations omitted). OPE does not have a physical place (building) in this District. (OPE Decl. ¶¶ 9-10). OPE does not have, and has never had, any employees, officers or directors in this District. (OPE Decl. ¶¶ 17-18) *In re Google LLC.*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (venue improper where Google had "no employee or agent" who was "regularly conducting" its business in district). OPE does not own, occupy, rent or lease any offices, warehouses, stores, facilities, or other physical places in this District. (OPE Decl. ¶¶ 10-14).

> b. Plaintiff Improperly Relies on OPE's Online Sale of Products Distributed Through Amazon Warehouses Which Does Not Establish Venue in This District.

Plaintiff alleges venue is proper because "Defendants" conduct business through their websites and e-commerce stores to distribute the Accused Products to consumers through Amazon facilities in this District. Dkt. 1 at ¶¶ 18. The presence of **Amazon** facilities in this District does not establish venue over **OPE** or any of the Moving Defendants.

A distributor's location in the district does not establish venue under § 1400(b) over the supplier in the distributor's district. *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (distributor's place of business cannot establish venue for its supplier); *Wet Sounds, Inc. v. PowerBass USA, Inc.*, No. CV H-17-3258, 2018 WL 1811354, at *2 (S.D. Tex. Apr. 17, 2018) (third-party distribution centers insufficient); *LoganTree LP v. Garmin Int'l, Inc.*, No. SA-17-CA-0098-FB, 2017 WL 2842870, at

*2 (W.D. Tex. June 22, 2017); *see also In re Google*, 949 F.3d at 1343–44 (shelf space alone does not constitute regular and established place of business).

Likewise, venue does not lie in this District simply because (as Plaintiff alleges) "Defendants" conduct the business of distributing products into the District via their website and online e-commerce stores. Dkt. 1 at ¶ 18; *LoganTree LP,* 2017 WL 2842870, at *2 ("Nor does defendants' website allowing viewers to access a list of San Antonio/Austin distributors provide venue under the patent infringement statute").

OPE does not own, control, rent or lease any building or other physical location in this District; does not have any agents in this District; and any Accused Products that are shipped to Amazon distributors are under the control of **Amazon** for processing and delivery to those customers (OPE Decl. ¶¶ 7-14, 22-23). OPE does not control the Amazon sites. (*Id.* ¶¶22-23). Plaintiff has failed to identify any other alleged physical presence of OPE in this District (which does not exist). Thus, venue is improper in this District as to OPE and it must be dismissed.

### C.    Venue is improper for Mr. Cohen in this District.

Plaintiff admits that Mr. Cohen is a resident of New York, and that he does not reside in Texas. Dkt. 1 at ¶ 8.  Therefore, the only available venue option to Plaintiff as to Mr. Cohen is the second option under § 1400(b). Plaintiff cannot show venue under the second prong of § 1400(b).

### 1.    Mr. Cohen does not have a regular and established place of business in Texas.

Plaintiff must demonstrate that Mr. Cohen maintains a "regular and established place of business." But Plaintiff does not allege that Mr. Cohen has an established place of business in Texas. Dkt. 1 at ¶¶ 18-19. Plaintiff cannot make such an allegation because Mr. Cohen does not have a physical place (building) in this District, has never resided in Texas, and does not own or occupy any physical places in this District. (Cohen Decl., ¶¶ 8-10).

Venue is therefore improper in this District as to Mr. Cohen. Pursuant to Federal Rule 12(b)(3) & § 1400(b) , this Court must dismiss Mr. Cohen (as well as OPE) for improper venue.

## II.    THE DISTRICT OF NEW JERSEY IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE.

### A.    Legal Standard

In patent infringement cases, the laws of the regional circuit court (here, the Fifth Circuit) govern motions to transfer under 28 U.S.C. §1404(a). *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). This Court must first address whether a civil action "might have been brought" in the proposed transferee district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("Volkswagen II"). If the proposed venue is proper, the court weighs the private- and public-interest factors to determine if "the transferee venue is clearly more convenient" than the transferor venue.[2] *Id.* Plaintiff's original choice of forum (W.D. Tex.) does not receive any special consideration other than requiring the Moving Defendants to show that the transferee venue (D.N.J.) is "clearly more convenient." *Id.* at 314-315.

### B.    Plaintiff could have brought this case in the District of New Jersey.

In a patent infringement case, a proper venue is where the defendant has allegedly committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). All Season's and OPE's principal places of business are in New Jersey. (OPE Decl. ¶ 7; AS Decl. ¶ 7). Weather Brands' sole location is headquartered in New York City and Mr. Cohen resides in New York City; both consent to jurisdiction in the District of New Jersey.[3] (Cohen Decl.

---

[2] The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)) ("Volkswagen I"). The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

[3] Plaintiff sued Mr. Cohen in the NJ Action, and Mr. Cohen did not contest jurisdiction or venue in that proceeding.

¶ 1; Cayre Decl. ¶¶ 6-7); *see* 28 U.S.C. § 1404(a).  Thus, the claims against all Moving Defendants could have been brought in D.N.J.

### 1.    The Private-Interest Factors Heavily Favor Transfer to D.N.J.

Three private-interest factors strongly favor transfer. One private-interest factor is neutral. Therefore, the private-interest factors support transfer.

#### a.    Cost of Attendance for Willing Witnesses Favors Transfer

"The convenience of the witnesses is probably the single most important factor in [the] transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted). Here, the expected witnesses for all Moving Defendants and their expenses for participating in this case demonstrate that this dispute belongs in the D.N.J. The Moving Defendants are not aware – and the Complaint does not identify – a single witness for whom proceedings in this District would be more convenient.

Mr. Cohen is certain to be a witness. He lives in New York City and his office is in New Jersey. (Cohen Decl. ¶¶1, 12) Mr. Cohen has knowledge about his personal involvement, or lack thereof, in the activities underlying this dispute. (*Id.* ¶¶ 14-18).  He may also have information about other Defendants, as well as contacts with Plaintiff and Defendant Mecalium. (*Id.*) Mr. Cohen's residence in New York City is within 100 miles of the D.N.J.

All Season and OPE both operate their principal places of business in New Jersey. (OPE Decl. ¶ 7; AS Decl. ¶ 7). All witnesses for All Season and OPE who have relevant information about the design, manufacture, sale, and distribution of the Accused Products are located in New Jersey or the surrounding area. (OPE Decl. ¶¶ 7, 9; AS Decl. ¶¶ 7-8). These witnesses likely include the individuals providing declarations in support of this Motion, among others.

Weather Brands operates from its headquarters in New York City, within 100 miles of the D.N.J. (Cayre Decl. ¶ 6) Weather Brands' sole connection to this lawsuit stems from it having

licensed certain intellectual property rights to All Season that Weather Brands owns. *See* Dkt. 1 at ¶ 15. Witnesses for Weather Brands having relevant information relating to the current dispute are all located in the New Jersey/New York area. (*Id.* ¶¶ 6-7).

The convenience of these potential witnesses favors transferring this case to the D.N.J. "It is an 'obvious conclusion' that it is more convenient for witnesses to testify at home." *Volkswagen II*, 545 F.3d at 317. Traveling from New Jersey or New York to Waco, Texas would require over three hours of flight time, plus an additional hour and a half drive from the Austin airport to the courthouse. (Meyerhoff Decl. Ex. 1). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317 (citation omitted). Distant witnesses "not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community." *Id.*

The Moving Defendants are not aware – and Plaintiff does not allege – that any of Plaintiff's witnesses are located in this District. The alleged inventors for the Asserted Patents are residents of Taiwan. *See* Dkt. 1 at Exs. A and B. Plaintiff is a Taiwanese company based in Taiwan. *Id.* at ¶ 1. Thus, it does not appear that **any** witnesses for either Plaintiff or the Moving Defendants are located in this District.[4] The Federal Circuit "ha[s] emphasized that when there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer." *In re Google LLC,* No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). Accordingly, the cost of attendance for willing witnesses favors transfer to the D.N.J.

---

[4] Mecalium, a non-moving defendant, is headquartered in Vietnam, and likely has no witnesses in or near this District.

        b.        The Relative Ease of Access to Sources of Proof Favors Transfer

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (citation omitted). Even if the majority of documents are maintained electronically, these documents are more readily accessible from the location where they were created and stored. *In re Apple Inc.,* No. 2022-128, 2002 WL 1196768 at *4 (Fed. Cir. Apr. 22, 2022); *Wet Sounds*, 2017 WL 4547916 at *2 (quoting *Volkswagen II*, 545 F.3d at 315) ("the location of sources of proof remains a 'meaningful factor in the analysis'" in the Fifth Circuit "despite technological advances").

The Moving Defendants' potentially relevant documents and physical evidence are stored in physical files and/or digital storage systems at their headquarters in the states of New Jersey or New York, **not** in this District. (Cohen Decl. ¶¶ 12-13; Cayre Decl. ¶¶ 15-16; OPE Decl. ¶¶ 19-20; AS Decl. ¶¶ 19-20). Moving Defendants are not aware of any sources of proof in this District for Plaintiff. The relevant documents in this case would include, for example: (1) purchase orders and other agreements between Snow Joe and Plaintiff; (2) agreements and purchase orders from Mecalium; as well as (3) market research documents, (4) design documents, (5) development documents; (6) testing documents relating to the Accused Products; and (7) related communications.

In a recent decision, this Court found that this factor favored transfer. *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-00432-ADA, 2020 WL 4905809, at *3 (W.D. Tex. Aug. 20, 2020). In that case, the Court found that "Google researches, designs, develops, and tests Google assistant in NDCA." Likewise, the bulk of the evidence for this case is in or near the D.N.J. This factor also favors transfer.

c.      The Only Unwilling Witnesses Are Not in the States of Texas or
         New Jersey, Rendering the Compulsory-Process Factor Neutral

"In this factor, the Court considers the availability of compulsory process to secure the

attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured

by a court order." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372-ADA, 2019 WL 4743678, at *5

(W.D. Tex. Sept. 13, 2019) (citing *Volkswagen II*, 545 F.3d at 316). Here, there are no unwilling

witnesses in either this District or the D.N.J. of which the Defendants are aware. Accordingly, this

factor is neutral.

d.      The Practical Problems That Make Trial of a Case Easy,
         Expeditious, and Inexpensive Favor Transfer

Courts must also consider "all other practical problems that make trial of a case easy,

expedition and inexpensive." *Volkswagen II*, 545 F.3d at 314. "[G]arden-variety delay associated

with transfer is **not** to be taken into consideration when ruling on a § 1404(a) motion to transfer."

*In re Radmax*, 720 F.3d 285, 289 (Fed. Cir. 2013) (emphasis added).

The first-filed NJ Action pending in the D.N.J. strongly favors transfer. Plaintiff filed the

NJ Action in New Jersey state court in September 2023. The defendants in the NJ Action removed

the case to federal district court based upon diversity of citizenship. The NJ Action involves three

of the four Moving Defendants (All Season, OPE and Cohen). The underlying transactions that

give rise to the claims and counterclaims in the NJ Action largely overlap with the evidence

relevant to Plaintiff's patent infringement claims against those defendants in this case. The

witnesses presented for deposition and trial, the documents to be produced by the parties, and the

legal issues to be resolved by the Court are all substantially similar.

Plaintiff's currently pending motion for preliminary injunction (Dkt. 20), and any "garden-

variety" delay associated with transfer, do not weigh against transfer to the D.N.J. As set forth in

its Complaint, Plaintiff was aware of the Moving Defendants' activities and allegedly infringing

products as early as **July 2023.** But Plaintiff waited until **September 6, 2024** to file this lawsuit. (Dkt. 1 at ¶ 39). Plaintiff then delayed more than a month (until October 10, 2024) to file the pending motion for preliminary injunction. (Dkt. 20). Any additional delay associated with the transfer of this case to the D.N.J. will not subject Plaintiff to additional irreparable harm (assuming that Plaintiff could show any irreparable harm in the first place).

Plaintiff chose not to pursue patent infringement claims against the Moving Defendants in the NJ Action. Instead, Plaintiff opted to forum shop its patent claims into this District despite those claims' clear relation to the underlying dispute in New Jersey. Litigating the claims in the NJ Action and the patent infringement claims, which involve similar parties and largely similar facts, in separate courts that are over 1,000 miles apart would be extremely challenging for the parties. It would also waste judicial resources..

### 2.    The Public-Interest Factors Favor Transfer

One public-interest factor strongly favors transfer. The remaining public-interest factors are neutral. The public-interest factors therefore support transfer.

#### a.    New Jersey Has a Local Interest in the Dispute

Local interests are most salient when a district is home to a party, especially the defendant, since an infringement suit "calls into question the work and reputation" of those who "presumably conduct business in that community." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). This case involves two Moving Defendants (All Season and OPE) which are headquartered in New Jersey. (OPE Decl. ¶ 7; AS Decl. ¶ 7). Mr. Cohen maintains his office in New Jersey, despite residing in New York City. (Cohen Decl. ¶ 12). Even Moving Defendant Weather Brands (formed in Texas) maintains its principal place of business nearby in New York. (Cayre Decl. ¶ 6). Because this case involves adjudicating the alleged acts and consequences of companies conducting business in its district, the D.N.J. has a greater local interest in this dispute..

        b.      Administrative Difficulties Flowing from Court Congestion Are Neutral

According to the U.S. District Court Judicial Caseload Profile, in the 12-month period ending on June 30, 2024, the median times from filing to disposition were similar (7.5 months for this District and 7.1 for the D.N.J.). (Meyerhoff Decl., Ex. 2). The time from disposition to trial favors this District (about 32.7 months in this Court versus 57.8 months in the D.N.J.). (*Id.*). Even though the time to trial is currently faster in this District than in the D.N.J., this factor still should not impact the transfer analysis. The Federal Circuit has reasoned that when "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Genentech*, 566 F.3d at 1347. Accordingly, this factor is neutral.

        c.      Familiarity with Governing Law and Conflicts of Law Are Neutral

The last two public-interest factors are neutral. There are no perceived conflicts of law, and both districts are equally qualified to apply patent law to the facts. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008). The Federal Circuit governs all substantive patent law issues in both this District and the D.N.J., not the respective regional circuits. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008). Both districts are well versed in patent law.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully ask the Court to (1) dismiss OPE and Mr. Cohen based on improper venue; (2) transfer this case pursuant to 28 U.S.C. § 1404(a) to the more convenient venue in the D.N.J.; and (3) grant the Moving Defendants all other relief the Court deems just and proper.

DATED: October 23, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/Lisa H. Meyerhoff*
Lisa H. Meyerhoff
Texas Bar No. 14000255
Seyfarth Shaw LLP
700 Milam Street, Suite 1400
Houston, TX 77002
Telephone: (713) 225-2300
Email: LMeyerhoff@seyfarth.com
Phone: 713 225 2300
Fax: 713 2252340

Brian Michaelis (*pro hac vice* forthcoming)
Seyfarth Shaw LLP
2 Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4830
Email: bmichaelis@seyfarth.com
Phone: 617 946 4830
Fax: 617 946 4801

ATTORNEYS FOR DEFENDANTS ALL
SEASON POWER LLC, OPE
MARKETPLACE LLC, WEATHER BRANDS,
LLC, AND JOSEPH COHEN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of October, 2024, I filed the foregoing "Motion to Dismiss Defendants OPE Marketplace, LLC and Joseph Cohen for Improper Venue and to Transfer Venue for Defendants All Season Power, LLC and Weather Brands, LLC" with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following:

Ben L. Wagner (Email: ben.wagner@troutman.com)
Troutman Pepper Hamilton Sanders, LLP
11682 El Camino Real Suite 400
San Diego, CA 92130-2092

Rachel B. Ommerman (Email: rachel.ommerman@troutman.com)
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street NE Suite 3000
Atlanta, GA 30308

*/s/Lisa H. Meyerhoff*