IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| YUAN MEI CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>ALL SEASON POWER LLC, a Texas limited liability company, OPE MARKETPLACE, LLC, a Delaware limited liability company, SNOW JOE, LLC, a New York limited lability company; MECALIUM CO., LTD., a foreign company, WEATHER BRANDS, LLC, a Texas limited liability company, JOSEPH COHEN, an individual, and ABC CORP. 1-10,<br><br>        Defendants. | Case No. 6:24-CV-00461-ADA |

**PLAINTIFF YUAN MEI CORP.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT SNOW JOE, LLC**

Plaintiff, Yuan Mei Corp. ("Yuan Mei"), moves the Court to render a default judgment in this matter against Defendant, Snow Joe, LLC ("Snow Joe").

## I. INTRODUCTION

1. This is an instance where default judgment is warranted notwithstanding the defaulted party's claim that they retained counsel and would now like to unwind the clock to defend the case. Snow Joe, in multiple lawsuits, has proven it is a recalcitrant litigant who only wants to delay accountability and does not actually intend to meaningfully defend on the merits. The other related Defendants all answered through one law firm, showing that Snow Joe's refusal to answer was intentional and calculated. In another unrelated collections lawsuit, Snow Joe with a debt of over $8 million has failed to provide even basic discovery responses for three months—missing its deadlines multiple times. This was and is a clear case of patent infringement and Snow Joe even in asking for tardy permission to defend did <u>nothing</u> to demonstrate any chance at a meritorious defense. Thus, this default judgment motion is brought because the Court should exercise its discretion to enter default judgment, deny relief from default, and refuse to give Snow Joe yet another means to delay justice for Yuan Mei—one of countless parties to be left holding the bag for Snow Joe's bad acts.

2. Plaintiff Yuan Mei filed this complaint for patent infringement on September 6, 2024 against Defendants OPE Marketplace LLC ("OPE"), All Season Power LLC ("All Season"), Weather Brands LLC ("Weather Brands), Joseph Cohen, Mecalium Co. Ltd. ("Mecalium") and Snow Joe. (Dkt. 1). This includes at least the infringing products SJI-OMS-16 and SJI-OMS-20, and any modifications thereof. (Dkt. 1 ¶¶ 38, 46, 75.)

3. Service attempts on Defendant Snow Joe were made at Snow Joe's listed place of business as well as with the New York headquarters of its registered agent, United Corporate Services Inc. (Dkt. 26-1 at ¶¶3-4; Dkts. 26-2, 26-3, 26-4.) Snow Joe's registered agent informed

Snow Joe of the lawsuit, but at the request of Snow Joe, returned to sender the service package on October 3, 2024. The Registered Agent claimed insufficient grounds for service as despite being the registered agent of Snow Joe in multiple states, United Corporate Services Inc. did not act as Snow Joe's agent for an incorporation in the state of New York. (Dkt. 26-1 at ¶4; Dkt. 26-4.)

    4.    On October 10, 2024, Defendant Snow Joe was served through its registered agent, at the location listed for Snow Joe's registered agent on its documents of incorporation. (Dkt. 26-1 at ¶5; Dkt. 17.)

    5.    On October 23, 2024, Defendants All Season, Weather Brands, OPE and Joesph Cohen appeared and filed a motion to dismiss and motion to transfer venue. (Dkt. 20.) These appearing defendants share substantial and overlapping relationships with Snow Joe, including that Joseph Cohen was the founder and Chief Executive Officer of Snow Joe, and All Season and OPE act as a continuation of the Snow Joe's business following an Article 9 sale. (Dkt. 1 at ¶¶8, 29.)

    6.    By the end of October 31, 2024, Snow Joe did not file a responsive pleading or otherwise defend the suit.

    7.    On November 7, 2024, with Snow Joe still not appearing, or otherwise contacting Yuan Mei's counsel regarding this litigation, Yuan Mei moved for Clerk's entry of default.

    8.    On November 8, 2024, the Clerk entered a default against Defendant. (Dkt. 27.)

    9.    After the Clerk entered default, Counsel representing formal retention of Snow Joe requested a post-hac extension of time to respond to the Complaint, which latest delay tactic Yuan Mei did not agree to.

    10.    Acknowledging, its failure to timely respond, Snow Joe without first seeking to excuse its default status, requested a post-hac extension by the Court solely on the basis that Snow

Joe "only just retained the undersigned counsel in this proceeding on November 8, 2024." Dkt. 31 at 4.

11.     Outside of Snow Joe's decision to delay retaining counsel until default was upon it, Snow Joe provides no justification for why it failed to timely retain legal counsel or respond. During this relevant time period, Snow Joe maintained legal representation in other cases. *See e.g.,* Dkt. 28-1 (showing docket of co-pending federal action involving Snow Joe and retained counsel therein).)

12.     Yuan Mei now moves for entry of default judgment as Snow Joe had definitive notice of the suit through its service and overlapping relationships with the other defendants appearing on the docket, but deliberately ignored its obligations to respond to the Complaint instead only entering the suit upon its impending default.

## II.     **ARGUMENT**

13.     Upon entry of default by the clerk, the Court has the discretion to enter a default judgment against a defendant. *See Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). *See* Fed. R. Civ. P. 55(a), (b)(2). Relevant factors for consideration by the Court, known as the "Lindsey factors," include: (1) whether material issues of fact are at issue; (2) whether the grounds for default are clearly established; (3) whether default was caused by good faith mistake or excusable neglect; (4) whether there has been substantial prejudice; and (5) the harshness of a default judgment. *Id.* Weighing of the factors warrants default judgment.

14.     ***First***, there are no material issues of fact that prevent the entry of a default judgment. "Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." (*Eisenhour v. Stafford*, 2013 WL 6212725, No. 9:12-CV-62, at *2 (E.D. Tex. Nov. 26, 2013) (*citing Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992).) *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount

3

of damages – is admitted if a responsive pleading is required and the allegation is not denied.").) The Complaint has annexed claim charts showing every element of the utility patent and copycatting of the design patent, both of which are issued patents presumed to be valid and plead as such in a Complaint that was far more detailed than a mere notice pleading and certainly well-plead valid claims for infringement.

15. **_Second_**, Yuan Mei properly served Snow Joe with copies of the summons and complaint. (Dkt. 5.) As such, the grounds for the fact of default are clearly established. (*See Jones v. Lockhart, Morris & Montgomery,* No. 1:11-CV-373, 2012 WL 1580759, at *3 (E.D. Tex. Feb. 3, 2012) (evidence of successful perfection of service on defaulting defendant clearly establishes grounds for default).) And Snow Joe directly acknowledges it failed to timely respond and subsequent default has occurred, leading to an improper motion for a post-hac extension of time. (*See* Dkt. 31 at 2.)

16. **_Third_**, Snow Joe made no mistake, certainly not excusable neglect. Rather, it made a strategic choice in failing to appear with its co-defendants and now wants permission to change that strategic choice and avoid its consequences, presumably to validate its delay tactic without consequence so it can delay (not disprove liability). Snow Joe chose to face default in an effort to masquerade separation from the other defendants. Indeed, Snow Joe specifically requested the headquarters of its service agent to not pass along an initial service package. (Dkt. 26-1 at ¶¶3-4; Dkt. 26-4.) And Snow Joe's founder and CEO, as well as successor companies, collectively appeared in this lawsuit providing further notice to Snow Joe of the lawsuit and status of the docket. (Dkt. 20.)

17. And even in Snow Joe's request for an extension of time to answer (which is ineffective absent lifting of default), they do not attempt to demonstrate any modicum of excusable

neglect but rather confirm that they made the strategic decision to retain counsel only on November 8, 2024, *after* missing their answer deadline, failing to file an opposition to the motion for preliminary injunction, failing to join in any transfer request, and having default unsurprisingly promptly requested against it. (*See* Dkt. 31 at 4.)

18. Snow Joe has a demonstrated history of delay and obfuscation, as noted above, unwilling to even provide discovery responses in any mode of timeliness in another case with Yuan Mei—giving a rare look into the crystal ball of where this case is headed if default judgment is not entered. (*See Yuan Mei Corp. v. Snow Joe, LLC,* 2:24-cv-07906-CCC-SDA, Dk. 41 (D.N.J. Nov. 12, 2024).)

19. Courts have in similar (and frankly less compelling) circumstances entered default judgment against a defendant who later attempts to participate post-default, rejecting such unexplained attempts to delay justice where no strong showing of material fact on meritorious defenses has been made by the defaulted defendant. See, e.g. *Accredited Sur. & Cas. Co., Inc. v. Landlord's Daiquiri Den*, LLC, No. 1:22-CV-591, 2023 WL 11761514, at *2 (E.D. Tex. July 26, 2023) (granting default judgment against a late appearing defendant where "[defendant's] failure to act appears to have been willful, that [plaintiff] has suffered some prejudice due to [defendant's] delay, and that [defendant] has failed to present a meritorious defense."); *see also Kingvision Pay-per View Corp., Ltd v. 2501 C Factor, Inc.* 2005 WL 3470635, at *3 (E.D. Pa. Dec. 16, 2005) (Declining to set aside default and entering default judgment where defendant provided "no basis for this Court to set aside the entry of default."); *Victoria's Secret Stores v. Artco Equipment Co., Inc.*, 194 F.Supp.2d 704, 732 (S.D. Oh. 2002) (refusing to set aside default where defendants' search for counsel apparently "did not begin in earnest until after the entry of default.")

20.     ***Fourth***, there is also no risk of substantial prejudice to Snow Joe. *See Leger v. Rivers Edge Treestands, Inc.*, No. 1:13-CV-326, 2016 WL 909173, at *3 (E.D. Tex. Feb. 8, 2016) (defendant's dilatoriness and noncompliance weighs against any finding of substantial prejudice). The default judgment seeks injunctive relief only, given Snow Joe has made it clear that deliberate efforts have been made to empty its own coffers and avoid them being filled from the ongoing infringement. To the contrary, Yuan Mei will be prejudiced if its motion for default judgment is denied, because Snow Joe's failure to answer or otherwise timely communicate with the Court "threatens to bring the adversary process to a halt, effectively prejudicing [Yuan Mei's] interests in pursuing its rights afforded by law." (*John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc.*, No. 3:12-cv-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). *See also Leger*, 2016 WL 909173 at *3 (substantial prejudice to plaintiff outweighed any prejudice to defaulting defendant).) It is prejudicial for a defendant without a defense to avoid default judgment to simply drag things out to the same end after further great expense to the party pursuing its rights afforded by law.

21.     ***Fifth***, no "harshness" of a default judgment exists under these circumstances where Snow Joe maintained full awareness of the lawsuit but strategically did not answer, making a choice to roll the dice or having a change of heart without explanation after default was predictably obtained. Snow Joe has had more than sufficient notice and time to respond to the complaint and has failed to do so. (*See Barnett v. A S & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 6884010, at *4 (N.D. Tex. Dec. 8, 2014) (no weight given to any harshness of default judgment when defendant had adequate time to respond and failed to do so).) And again, injunctive relief is all Yuan Mei seeks against Snow Joe by means of this default judgment.

22. Accordingly, all relevant "Lindsey factors," promote the entry of default judgment, and no other relevant inquiry changes the analysis.

23. Snow Joe is not a minor or an incompetent person. Fed. R. Civ. P. 55(b)(2).

24. Snow Joe is not a natural person.

25. Snow Joe is not in military service. *See* 50 U.S.C. §3931(b)(1).

### III.  RELIEF

26. Yuan Mei's complaint seeks injunctive relief against Snow Joe. (Dkt. 1 at ¶¶66-70, 94 and Prayer for Relief (d), (e), (h)-(j). The normal relief for patent infringement against a competitor is an injunction preventing the infringement. *See, e.g.* 35 U.S.C. § 283. "[T]he court cannot ignore that 'the heart of the patent grant is the right to exclude.' Concomitantly, the right to exclude includes a remedy for past wrongs (damages at trial) and a remedy to prevent future ones (a permanent injunction)." (*Western Plastics, Inc. v. DuBose Strapping, Inc.,* No. 5:15-cv-294, 2020 WL 5709250, at *2 (E.D.N.C. Sept. 24, 2020) (entering permanent injunction notwithstanding infringer's argument that it had already stopped selling the infringing product).)

27. The injunctive relief seeks only that relief necessary to prevent further infringement, is not overbroad and furthers the public interest in enforcing valid patent rights of exclusivity against an actual competitor here. *See* Proposed Default Judgment; *eBay Inc.* v. *MercExchange, L.L.C.*, 547 U.S. 388 (2006). Further, the issue of injunctive relief has been fully briefed by Yuan Mei in Yuan Mei's motion for preliminary injunction, and irreparable harm includes at least (1) Snow Joe's uncollectability, (2) sales by a direct competitor through overlapping consumer sales channels (e.g. Amazon.com), (3) harm to Yuan Mei's goodwill and customer base, and (4) a utility patent near its 2026 expiration date. (Dkt. 16.) An injunction against a company to stop infringement, without any money judgment, well balances harms in favor of Yuan Mei and is the only seemingly effective relief against this particular party's infringement.

28. Accordingly, relief in the form of the Proposed Default Judgment against Snow Joe is hereby respectfully requested, including enjoining all infringement, but also specifically the products SJI-OMS-16 and SJI-OMS-20. (Dkt. 1 ¶¶ 38, 46, 75).

Dated: November 19, 2024

TROUTMAN PEPPER HAMILTON SANDERS, LLP

By: */s/Ben L. Wagner*
Ben L. Wagner
*Admitted Pro Hac Vice,* CA Bar No. 243594
TROUTMAN PEPPER HAMILTON SANDERS, LLP
ben.wagner@troutman.com
11682 El Camino Real Suite 400 San Diego, CA 92130-2092
Telephone: 858.509.6000
Fax: 858.509.6040

Rachel B. Ommerman
Texas Bar No. 24041631
600 Peachtree Street NE Suite 3000
Atlanta, GA 30308
Tel: 470-832-5571
Fax: 404-885-3900
E-Mail: Rachel.Ommerman@troutman.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/Ben L. Wagner*
        Ben L. Wagner