## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| YUAN MEI CORPORATION, | |
| Plaintiff, | |
| v. | **Case No. 6:24-CV-00461-ADA** |
| ALL SEASON POWER LLC, a Texas limited liability company; MECALIUM CO., LTD., a foreign company, WEATHER BRANDS, LLC, a Texas limited liability company, and ABC CORP. 1-10, | |
| Defendants. | |

## PLAINTIFF YUAN MEI CORP.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MECALIUM CO., LTD.

Plaintiff, Yuan Mei Corp. ("Yuan Mei"), moves the Court to render a default judgment in this matter against Defendant, Mecalium Co., Ltd. ("Mecalium").

## I.   <u>INTRODUCTION</u>

1.      This is an instance where default judgment is warranted. Despite multiple notifications of this lawsuit, both formally and informally, Defendant Mecalium has yet to engage in this lawsuit or other conversations. Yuan Mei has 1) initiated formal service through the Hague convention upon Defendant Mecalium, 2) served Mecalium by the Court's approved alternative service, 3) sent direct copies of the complaint, summons, and translations of the same to Mecalium's physical address, and 4) has reached out to Mecalium by their own listed emails. Despite these efforts, Mecalium has engaged in no responsive communications.  The other remaining Defendants have all since answered, including the Defendants directly importing products from the absent Defendant Mecalium. This was and is a clear case of patent infringement. Thus, the Court should exercise its discretion to enter default judgment.

2.      Plaintiff Yuan Mei filed this Complaint for patent infringement on September 6, 2024 against Defendants OPE Marketplace LLC ("OPE"), All Season Power LLC ("All Season"), Weather Brands LLC ("Weather Brands"), Joseph Cohen, Mecalium Co. Ltd. ("Mecalium") and Snow Joe. (Dkt. 1). This includes at least the infringing products SJI-OMS-16 and SJI-OMS-20, and any modifications thereof. (Dkt. 1 ¶¶ 38, 46, 75.)

3.      As stated in the Complaint, upon information and belief Mecalium is headquartered in Vietnam. (Dkt. 1 at ¶ 2.) On the Amazon.com page where Defendants sell their infringing products, Defendants indicate Vietnamese manufacturing. And import documents related to Defendants products note the shipper as Mecalium from the following provided address: KM39+400 National Highway 5A, Cam Phuc Commune, Cam Giang District, Hai Duong Province, Vietnam. (Dkt. 16-32).

4.     Service attempts on Defendant Mecalium were made. First, Plaintiff initiated service in late October 2024 under the Hague Convention including direct mail of the Complaint, a translated copy of the Complaint, and Summons to the Vietnamese address as well as service via the Vietnamese Ministry of Justice. (Dkts. 53-2, 53-3, 53-4) Second, upon receiving approval of the Court, (Dkt. 55), Plaintiff served via the email the Summons, Complaint, and translated copies of the same in this matter on Defendant, Mecalium at least on May 23, 2025, (Dkt. 58), as evidenced by the proof of service on file with the Court.

5.     By the end of June 13, 2025, the deadline for Mecalium to timely respond, Mecalium did not file a responsive pleading or otherwise defend the suit.

6.     On June 18, 2025, with Mecalium still not appearing, or otherwise contacting Yuan Mei's counsel regarding this litigation, Yuan Mei timely moved for Clerk's entry of default.

7.     On that same day of June 18, 2025, the Clerk entered a default against Defendant. (Dkt. 62.)

8.     As of the date of this Motion, Mecalium has still not appeared, or otherwise contacted Yuan Mei's counsel.

9.     Yuan Mei now moves for entry of default judgment as Mecalium had definitive notice of the suit through its service and importation relationship with at least one of the other defendants appearing on the docket, as well as the alternative service accomplished as noted, but deliberately ignored its obligations to respond to the Complaint and so admitted its allegations. *See* Dkt. 16-32 at 7-8.

## II.   <u>ARGUMENT</u>

10.    Upon entry of default by the clerk, the Court has the discretion to enter a default judgment against a defendant. *See Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). *See* Fed. R. Civ. P. 55(a), (b)(2). Additionally, "[i]f a plaintiff attempts to serve

a foreign defendant through a central authority and the central authority fails to provide a certificate of service, the plaintiff may move for default judgment six months after initiating service." *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.,* 494 F. Supp. 3d 404, 409 (N.D. Tex. 2020) (citing Hague Convention art. 15).

11.    Relevant factors for consideration of default judgment by the Court, known as the "Lindsey factors," include: (1) whether material issues of fact are at issue; (2) whether the grounds for default are clearly established; (3) whether default was caused by good faith mistake or excusable neglect; (4) whether there has been substantial prejudice; and (5) the harshness of a default judgment. *See Lindsey,* 161 F.3d 893. Weighing of the factors warrants default judgment.

12.    *__First__*, there are no material issues of fact that prevent the entry of a default judgment. "Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." (*Eisenhour v. Stafford*, 2013 WL 6212725, No. 9:12-CV-62, at *2 (E.D. Tex. Nov. 26, 2013) (*citing Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992).) *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").) The Complaint has annexed and incorporated claim charts showing every element of the utility patent and copycatting of the design patent, both of which are issued patents presumed to be valid and plead as such in a Complaint that was far more detailed than a mere notice pleading and certainly well-plead valid claims for infringement.

13.    *__Second__*, Yuan Mei properly served Mecalium with copies of the summons and complaint, including translations for the same. (Dkt. 58.) As such, the grounds for the fact of default are clearly established. (*See Jones v. Lockhart, Morris & Montgomery,* No. 1:11-CV-373, 2012 WL 1580759, at *3 (E.D. Tex. Feb. 3, 2012) (evidence of successful perfection of service on

defaulting defendant clearly establishes grounds for default).)

14.     **_Third_**, Mecalium made no mistake, certainly not excusable neglect. Rather, Mecalium has refused to engage or respond to the Complaint or any other communication from Plaintiff. Mecalium's failure is an active and deliberate choice to default.

15.     Courts have in similar circumstances entered default judgment against foreign defendants who fail to appear or participate post-default. *See In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 595 (5th Cir. 2014) (affirming default judgment entered on foreign defendant); *see also Sindhi v. Raina,* 905 F.3d 327, 333 (5th Cir. 2018) (same).

16.     **_Fourth_**, there is also no risk of substantial prejudice to Mecalium. *See Leger v. Rivers Edge Treestands, Inc*., No. 1:13-CV-326, 2016 WL 909173, at *3 (E.D. Tex. Feb. 8, 2016) (defendant's dilatoriness and noncompliance weighs against any finding of substantial prejudice). The default judgment seeks injunctive relief only, given Mecalium's foreign nature, the amenable relief would be to stop Mecalium from continuing to provide infringing products into this country. To the contrary, Yuan Mei will be prejudiced if its motion for default judgment is denied, because Mecalium's failure to answer or otherwise timely communicate with the Court "threatens to bring the adversary process to a halt, effectively prejudicing [Yuan Mei's] interests in pursuing its rights afforded by law." (*John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc*., No. 3:12-cv-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). *See also Leger*, 2016 WL 909173 at *3 (substantial prejudice to plaintiff outweighed any prejudice to defaulting defendant).)  Indeed, with Mecalium's default, Plaintiff was finally able to start the clock on the Case Status Readiness Report and respective Management Conference, which had already severely delayed any ultimate final injunctive relief for claims involving at least on patent that is approaching expiration.  It is

prejudicial for a defendant without a defense to avoid default judgment to simply drag things out to the same end after further great expense to the party pursuing its rights afforded by law.

17.     ***Fifth***, no "harshness" of a default judgment exists under these circumstances where Mecalium has had ample opportunity for, and likely maintained, full awareness of the lawsuit but strategically did not answer, making a choice to not involve itself in a United Sates based proceeding. Mecalium has had more than sufficient notice and time to respond to the complaint and has failed to do so. (*See Barnett v. A S & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 6884010, at *4 (N.D. Tex. Dec. 8, 2014) (no weight given to any harshness of default judgment when defendant had adequate time to respond and failed to do so).) And again, injunctive relief is all Yuan Mei seeks against Mecalium by means of this default judgment.

18.     Accordingly, all relevant "Lindsey factors," promote the entry of default judgment, and no other relevant inquiry changes the analysis.

19.     Mecalium is not a minor or an incompetent person. Fed. R. Civ. P. 55(b)(2).

20.     Mecalium is not a natural person.

21.     Mecalium is not in military service. *See* 50 U.S.C. §3931(b)(1).

## III.     **RELIEF**

22.     Yuan Mei's complaint seeks injunctive relief against Mecalium. (Dkt. 1 at ¶¶66-70, 94 and Prayer for Relief (d), (e), (h)-(j). The normal relief for patent infringement against a competitor is an injunction preventing the infringement. *See, e.g.* 35 U.S.C. § 283. "[T]he court cannot ignore that 'the heart of the patent grant is the right to exclude.' Concomitantly, the right to exclude includes a remedy for past wrongs (damages at trial) and a remedy to prevent future ones (a permanent injunction)." (*Western Plastics, Inc. v. DuBose Strapping, Inc.,* No. 5:15-cv-294, 2020 WL 5709250, at *2 (E.D.N.C. Sept. 24, 2020) (entering permanent injunction notwithstanding infringer's argument that it had already stopped selling the infringing product).)

23.    The injunctive relief seeks only that relief necessary to prevent further infringement, is not overbroad and furthers the public interest in enforcing valid patent rights of exclusivity against an actual competitor here. *See* Proposed Default Judgment; *eBay Inc.* v. *MercExchange, L.L.C.*, 547 U.S. 388 (2006). Further, the issue of injunctive relief has been fully briefed by Yuan Mei in Yuan Mei's motion for preliminary injunction, and irreparable harm includes at least (1) Mecalium's protection from its own actions due to its foreign shielding, (2) sales by a direct manufacturing competitor through overlapping consumer sales channels such as the remaining Defendants, (3) harm to Yuan Mei's goodwill and customer base, and (4) a utility patent near its 2026 expiration date. (Dkt. 16.) Docket No. 16 et seq. has been set for a July 10, 2025 hearing and its papers are not repeated herein but referred to by refence.  An injunction against a company to stop infringement, without any money judgment, is modest and well balances harms in favor of Yuan Mei and is the only seemingly effective relief against this particular party's infringement.

24.    Accordingly, relief in the form of the Proposed Default Judgment against Mecalium is hereby respectfully requested, including enjoining all infringement, but also specifically the products SJI-OMS-16 and SJI-OMS-20. (Dkt. 1 ¶¶ 38, 46, 75).

Dated:  July 1, 2025

TROUTMAN PEPPER LOCKE, LLP


By: */s/Ben L. Wagner*
Ben L. Wagner
*Admitted Pro Hac Vice,* CA Bar No. 243594
TROUTMAN PEPPER LOCKE, LLP
ben.wagner@troutman.com
11682 El Camino Real Suite 400 San Diego, CA 92130-2092
Telephone: 858.509.6000
Fax: 858.509.6040

Rachel B. Ommerman

Texas Bar No. 24041631
600 Peachtree Street NE Suite 3000
Atlanta, GA 30308
Tel:  470-832-5571
Fax: 404-885-3900
E-Mail: Rachel.Ommerman@troutman.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: <u>*/s/Ben L. Wagner*</u>
　　　Ben L. Wagner